IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MICHAEL CORNELL | § | |
| VS. | § | CIVIL ACTION NO. 1:16-CV-118 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Michael CORNELL, an inmate confined at the Powledge Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se,* filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court referred this matter to the Honorable Keith Giblin, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends the petition be dismissed as barred by the applicable statute of limitations.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Petitioner filed objections to the Report and Recommendation of United States Magistrate Judge. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the Court finds the objections lacking in merit. Petitioner argues his please was involuntary as the state breached the plea agreement. Petitioner contends he entered into an agreed punishment recommendation of 5 years with a twenty-five (25) year cap. Petitioner avers the agreement was accepted by the state trial court on May 29, 2014. After ordering a pre-sentence investigation report, however, petitioner argues the state trial court "sentenced applicant for a non-negotiated term of 20 years 2nd degree felony no enhancement." Original Petition, pg. 16 (docket entry no. 1).

In defense of the statutory bar, petitioner argues he did not learn of his claim until July 16, 2015 pursuant to 28 U.S.C. § 2244(d)(1)(D), when he received a letter from an attorney he sought representation from for his habeas petition. Petitioner attached a copy of the letter to his original petition. *Id*., pg. 20 (docket entry no. 1). The relevant portion of the letter states the following:

> You seem to be confusing the message I conveyed to you in my earlier letter. I am personally convinced that you did not know that your state sentence would not run concurrently with the federal sentence, but my opinion is immaterial. Based on all of the evidence we have accrued so far (the letter from Mr. Marion, the federal docket, the state judgment, and an email from Mr. Stovall), we do not think that we can prove either that your plea was the consequence of ineffective assistance or that your plea was involuntary. As to your claim that the State did not fulfill its end of the bargain: the documentation we have demonstrates otherwise. The agreed punishment recommendations sheet contained in your file, which was signed by you, Mr. Marion, and the Assistant District Attorney caps the sentence at twenty-five years TDCJ, but sayings nothing about the sentence running concurrently with your federal sentence.

*Id.*

Contrary to petitioner's belief, this letter does not support petitioner's contention that he did not discover this claim until the date he received the letter. It is apparent in reading the letter that petitioner was inquiring as to the validity of this claim and the attorney explained to him that the record did not support it. Petitioner provides copies of the relevant state court documents as attachments to his original petition. *Id*., pg. 21. These attachments also confirm petitioner signed the agreed punishment recommendation that clearly states the agreement was for a twenty-five (25) year cap. Based on the signed punishment recommendation, petitioner should have been aware of the facts supporting his claim that he allegedly thought he was entering into a plea agreement for five (5) years at the time of his sentencing. The one year period, therefore, is calculated from the date

on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review as outlined by the Magistrate Judge. *See* 28 U.S.C. § 2244(d)(1)(A).

Accordingly, petitioner's objections are overruled. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

Furthermore, the Court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, petitioner has not shown that any of the issues would be subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed further. Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of certificate of appealability. Accordingly, a certificate of appealability will not be issued.

**SIGNED** this the **16** day of **March, 2017.**

Thad Heartfield
United States District Judge